UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

CHRISTOPHER S. VASVARI
*Executor of the Estate of
Adrain C. Hartung, Deceased*,

          Plaintiff,

v.

MICHELL HARTUNG,

          Defendant.

Civil Action No. 3:16-cv-6461-BRM-TJB

**OPINION**

---

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Michell Hartung's ("Michell" or "Defendant") Motion to Dismiss for Lack of Jurisdiction. (ECF No. 4.) Plaintiff Christopher S. Vasvari ("Christopher" or "Plaintiff"), Executor of the Estate of Adrain C. Hartung ("Decedent" or "Adrain") opposes the Motion. (ECF No. 5-2.) Pursuant to Federal Rule of Civil Procedure 78(a), the Court heard oral argument on June 16, 2017. (ECF No. 10.) For the reasons set forth below, Defendant's Motion to Dismiss is **DENIED**.

**I.    BACKGROUND**

This is an estate dispute between a godson (Christopher), on behalf of the Estate of his deceased grandfather (Adrain), and his godmother (Michell). Michell was Adrain's daughter-in-law. (Compl. (ECF No. 1) ¶ 6 and Certif. of Michell Hartung (ECF No. 4-1 ¶ 3).) On December 10, 2015, Decedent executed his last will and testament ("Will"), which indicated he was "a resident of and domiciled in the Township of Pohatcong, County of Warren, and State of New Jersey." (Letters Testamentary (ECF No. 1-2) at 3.) It also appointed Plaintiff, his grandson, as the

Executor of his Estate. (*Id.* and ECF No. 1 ¶ 1 and Certif. of Christopher S. Vasvari (ECF No. 5) ¶ 3.) On that same date, Decedent also executed a "Third Amendment and Restatement of the Adrain C. Hartung Deed of Trust" indicating his residence as Pohatcong Township, Warren County, State of New Jersey. (ECF No. 4-1 ¶ 7 and Deed of Trust (ECF No. 4-2) at 1.) For several years, Decedent had been suffering with colitis, was in and out of hospitals and rehabilitations centers, and ultimately reached a "point where he needed assistance with certain activities of daily living." (ECF No. 5 ¶ 4.) On or around December 31, 2015, Decedent moved to Country Meadows Retirement Communities ("Country Meadows"), an assisted living home, located in Bethlehem, Pennsylvania. (*Id.* ¶ 6.) On April 3, 2016, Decedent died testate in Northampton County, Pennsylvania and his Will was admitted to probate. (ECF No. 1-2.) Michell lives in 143 Oberly Road, Phillipsburg, New Jersey. (ECF No. 1 ¶ 2.)

During his lifetime, Decedent was the owner of 141-143 Oberly Road, Phillipsburg, New Jersey (the "Property"), "which consists of a residence, several structures, and several acres of farmable land." (*Id.* ¶ 5.) For years, Decedent allowed his son, Gary Hartung, who predeceased him, and Defendant to live and farm at the Property pursuant to an oral lease agreement. (*Id.* ¶ 6.) On May 12, 2015, Decedent and Defendant executed a written lease for the Property. (*Id.* ¶ 5.) Decedent also owned numerous pieces of farming equipment, including, but not limited to tractors, trucks, plows, combines, vehicles, bins, augers, tools, vehicle parts, machinery and scrap metal (the "Equipment"). (*Id.* ¶¶ 5, 7 and *see* ECF No. 1-4 (listing more Equipment owned by Decedent).) Plaintiff alleges the estimated value of Decedent's Equipment is $149,695.00, ECF No. 1-4, and that the Equipment is the property of the Estate. (ECF No. 1 ¶ 7.)

Plaintiff alleges at the time of Decedent's death, Defendant was in possession of the Equipment owned by Decedent and continues to be in possession of, or have control over the

Equipment. (*Id.* ¶ 8.) Plaintiff believes the Equipment is currently at Defendant's residence, located at 143 Oberly Road, Phillipsburg, New Jersey. (*Id.* ¶ 10.) Plaintiff has formally demanded, both orally and in writing, Defendant's return of all Equipment, but Defendant has "failed and refused" to deliver any of the Equipment. (*Id.* ¶ 12.) Plaintiff also "believes that prior to Decedent's death, Defendant sold certain Equipment that was either wholly or partially owned by Decedent" but never provided Decedent or Plaintiff with the proceeds derived from the sale. (*Id* ¶ 13.) Moreover, Plaintiff also suspects "that subsequent to Decedent's death, Defendant sold certain Equipment that was either wholly or partially owned by Decedent." (*Id.* ¶ 14.) Again, Defendant has not provided Plaintiff with the proceeds derived from the alleged sale of the Equipment. (*Id.*) Defendant has "failed and refused" to provide information regarding the status and location of the Equipment or the sale of certain Equipment. (*Id.* ¶ 15.)

As a result, on October 4, 2016, Plaintiff filed a Complaint against Defendant alleging two counts: replevin and conversion. (*See* ECF No. 1.) In lieu of filing an answer, Defendant filed a Motion to Dismiss for Lack of Jurisdiction. (ECF No. 4.) Plaintiff opposes the Motion. (ECF No. 5.)

## II.    LEGAL STANDARD

When a defendant moves to dismiss a claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must determine whether defendant is making a "facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Under a facial attack, the movant challenges the legal sufficiency of the claim, and the court considers only "the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Gould Elecs.*, 220 F.3d at 176; *Mortensen*, 549 F.2d at 891 ("The facial attack does offer similar safeguards to the plaintiff

[as a 12(b)(6) motion]: the court must consider the allegations of the complaint as true.") The Court "may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." *D.G. v. Somerset Hills Sch. Dist.*, 559 F. Supp. 2d 484, 491 (D.N.J. 2008) (citing *Cardio–Medical Assoc., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir.1983)).

Under a factual attack, however, the challenge is to the trial court's "very power to hear the case." *Mortensen*, 549 F.2d at 891. Thus:

> [T]here is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Id.* Moreover, in a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs.*, 220 F.3d at 178.

Regardless of the analysis, the plaintiff bears the burden of demonstrating the existence of subject matter jurisdiction. *See McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006); *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009) (citing *Carpet Grp. Int'l v. Oriental Rug Importers Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000)).

Defendant has presented the Court with a factual attack because Defendant's Motion contends the facts of the case preclude this Court from exercising subject matter jurisdiction (ECF No. 4). *See Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015) (finding "[t]he Government has presented this Court with a factual attack, as the Government contends that the facts of the case preclude this Court from exercising subject matter jurisdiction"). Therefore, the Court may make factual findings beyond the Complaint and is not confined to presume the allegations of the Complaint are true. *Id.*

4

**III. DECISION**

Defendant argues Decedent's "own declarations of residency as contained in his recently executed and acknowledged Will and Deed of Trust clearly establish the State of New Jersey as his state of domicile." (Def.'s Br. (ECF No. 4-4) at 5.) Plaintiff argues Pennsylvania is Decedent's state of domicile because Decedent

> told Plaintiff and others that Country Meadows would be his final home; he began the process of selling his former residence in New Jersey; he moved all his significant personal items from the New Jersey house to Country Meadows; and he was in the process of helping his girlfriend move to Country Meadow to be with him.

(Pl.'s Opp. Br. (ECF No. 5-2) at 5.)

"Federal courts are courts of limited jurisdiction that may only hear a case if the constitution or a federal statute provides the court with jurisdiction." *Jackson v. Del. River & Bay Auth.*, 224 F. Supp. 2d 834, 841 (D.N.J. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A District Court has the obligation to raise questions of subject matter jurisdiction *sua sponte*. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002)*; Emp'rs Ins. of Wausau v. Crown Cork & Seal Co., Inc.,* 905 F.2d 42, 45 (3d Cir. 1990). Federal courts have original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332, which provide for federal question jurisdiction and diversity jurisdiction, respectively. In other words, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Federal Courts are also vested with original jurisdiction over civil actions "where the amount in controversy exceeds $75,000 and is between citizens of different states, between citizens of a state and citizens of a foreign state, or between a foreign state and citizens of a state." *Jackson*, 224 F. Supp. 2d at 841 (citing 28 U.S.C. § 1332). If a party is deceased, "the legal representative

of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2); *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006).

"Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *McCann*, 458 F.3d at 286 (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)). In determining an individual's domicile, courts consider several factors, including declarations, exercise of political rights, payment of personal taxes, house of residence, place of business, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration. *Id.*; *see Krasnov v. Dinan*, 465 F.2d 1298, 1301 (1972).

"An individual can change domicile instantly." *McCann*, 458 F.3d at 286. "To do so, two things are required: '[h]e must take up residence at the new domicile, and he must intend to remain there.'" *Id.* (quoting *Krasnov*, 465 F.2d at 1300.) However, "[a] domicile once acquired is presumed to continue until it is shown to have been changed." *Mitchell v. United States*, 88 U.S. 350, 353 (1874). Therefore, there is "a presumption favoring an established domicile over a new one." *McCann*, 458 F.3d at 287.

Plaintiff has the burden of establishing jurisdiction by a preponderance of the evidence. *Id.*; *see Kokkonen*, 511 U.S. at 377; *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). That said, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Kehr Packages, Inc.*, 926 F.2d at 1409. Thus, "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen*, 511 U.S. at 377.

Plaintiff—the proponent of federal jurisdiction—bears the burden of establishing diversity of citizenship by a preponderance of the evidence. It is undisputed that for many years Decedent

was a resident of and domiciled in New Jersey, however, the Court finds he changed his domicile on December 31, 2015, when he moved to Country Meadows, Pennsylvania. (ECF No. 5 ¶ 6.) Here, the English idiom, "A picture is worth a thousand words," could not be more accurate, as portrayed by the photographs attached to Plaintiff's Opposition. (Ex. A to ECF No. 5.) In relocating to County Meadows, Decedent took most of his personal belongings from his previous residence with him and decorated his residence as if he intended to remain there indefinitely. (*See* ECF No. 5 ¶ 7 and Ex. A to ECF No. 5.) He brought most of his furniture, hung dozens of pictures on the walls, displayed his toy car collection, set up his office desk, and placed dozens of magnets on his refrigerator. (Ex. A to ECF No. 5.) The belongings that did not fit in his Country Meadows residence were auctioned. (ECF No. 5 ¶¶ 7, 9.) In February 2016, Decedent took steps "to sell his home that he shared with [his daughter] at 61 Winters Rd., Phillipsburg, NJ 08865, his residence since 1987." (*Id.* ¶ 9.) Moreover, he made arrangements to have his girlfriend join him at Country Meadows, by paying a $500 deposit to put her on the waiting list to reside there. (*Id.* ¶ 8.) In addition, Decedent moved to be closer to a "close friend" and "former neighbor," Charles Cronce, who he would visit and speak to on a weekly/daily basis prior to the move. (*Id.* ¶ 5.) These are clearly the actions of an individual who not only intended to change his domicile to Pennsylvania but in fact, did change his domicile to Pennsylvania. Furthermore, the Court cannot conceive of a situation where an elderly individual would be a transient tenant in an assisted living facility.

The Court finds Defendant's argument that Decedent's last Will and Deed of Trust indicate his domicile as New Jersey, though true as of the date of execution, unpersuasive as to his subsequent relocation to and intention to remain in Pennsylvania. Further, while courts consider several factors, including declarations, exercise of political rights, payment of personal taxes, house of residence, place of business, location of brokerage and bank accounts, location of spouse

and family, membership in unions and other organizations, and driver's license and vehicle registration to determine intent, *McCann*, 458 F.3d at 286, Decedent was older, retired, incapable of driving, and did not live in Country Meadows long enough, before his sudden death, to vote or become fully immersed in his new community. Nonetheless, the standard requires "intent" and the Court finds Decedent intended to remain in Pennsylvania indefinitely. *McCann*, 458 F.3d at 286. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss for Lack of Jurisdiction based on citizenship.

At Oral Argument, Defendant noted the valuation of the Equipment was conducted in 2007, and questioned whether the current value of the Equipment would satisfy the court's jurisdictional monetary requirement pursuant to 28 U.S.C. § 1332. (*See* Oral Arg. Tr. June 16, 2017 ("The basis for the alleged amount in dispute, those numbers come off of a 2007 appraisal of the equipment, so it's almost a decade old. I actually question whether we meet that. To be honest with [] Your Honor at the same time I have no evidence to put before you here because we haven't had it appraised in terms of my client. But it's probably close. It may go either way.").) Because this Court has an obligation to address concerns over subject matter jurisdiction *sua sponte*, *U.S. Express Lines Ltd.*, 281 F.3d at 389, Plaintiff shall **SHOW CAUSE** within (30) days why the action should not be dismissed for lack of jurisdiction under 28 U.S.C. § 1332 for failure to meet the monetary threshold.

## IV. CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss for Lack of Jurisdiction (ECF No. 4) is **DENIED** and Plaintiff shall **SHOW CAUSE** within (30) days why the action should not be dismissed for lack of jurisdiction under 28 U.S.C. § 1332. An appropriate order will follow.

Date: June 22, 2017

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**