# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER S. VASVARI, *Executor of the Estate of Adrain C. Hartung, Deceased*, <br><br> Plaintiff, <br><br> v. <br><br> MICHELL HARTUNG, <br><br> Defendant. | Civil Action No. 16-6461-BRM-TJB <br><br> **MEMORANDUM ORDER** |

**THIS MATTER** was opened to the Court by a *sua sponte* Order to Show Cause (ECF No. 11) why the matter should not be dismissed for lack of jurisdiction under 28 U.S.C. § 1332 for failure to meet the monetary threshold. For the reasons set forth below, the Court is satisfied Plaintiff Christopher S. Vasvari's ("Vasvari") Complaint (ECF No. 1) meets the monetary threshold.

This is an estate dispute between a godson (Vasvari), on behalf of the Estate of his deceased grandfather (Adrain C. Hartung, hereinafter "Adrain"), and his godmother Defendant Michell Hartung ("Hartung"). Hartung was Adrain's daughter-in-law. (ECF No. 1 ¶ 6 and Certif. of Michell Hartung (ECF No. 4-1 ¶ 3).) On December 10, 2015, Adrain executed his last will and testament ("Will"), which appointed Vasvari as the Executor of his Estate. (*Id.*; ECF No. 1 ¶ 1; and Certif. of Christopher S. Vasvari (ECF No. 5) ¶ 3.) On April 3, 2016, Adrain died testate and his Will was admitted to probate. (ECF No. 1-2.)

During his lifetime, Adrain was the owner of 141-143 Oberly Road, Phillipsburg, New Jersey (the "Property"), "which consists of a residence, several structures, and several acres of

farmable land." (ECF No. 1 ¶ 5.) For years, Adrain allowed his son, Gary C. Hartung, who predeceased him, and Hartung to live and farm at the Property pursuant to an oral lease agreement. (*Id.* ¶ 6.) On May 12, 2015, Adrain and Hartung executed a written lease for the Property. (*Id.* ¶ 5.) Adrain also owned numerous pieces of farming equipment, including, but not limited to tractors, trucks, plows, combines, vehicles, bins, augers, tools, vehicle parts, machinery and scrap metal (the "Equipment"). (*Id.* ¶¶ 5, 7 and *see* ECF No. 1-4 (listing more Equipment owned by Adrain).) Vasvari alleges the Equipment is the property of the Estate. (ECF No. 1 ¶ 7.)

Vasvari alleges at the time of Adrain's death, Hartung was in possession of the Equipment owned by Adrain and continues to be in possession of, or have control over the Equipment. (*Id.* ¶ 8.) Vasvari believes the Equipment is currently at Hartung's residence. (*Id.* ¶ 10.) Vasvari alleges to have formally demanded, both orally and in writing, Hartung's return of all Equipment, but Hartung has "failed and refused" to deliver any of the Equipment. (*Id.* ¶ 12.) Vasvari also "believes that prior to Adrain's death, [Hartung] sold certain Equipment that was either wholly or partially owned by [Adrain]" but never provided [Adrain] or [Vasvari] with the proceeds derived from the sale. (*Id* ¶ 13.) Moreover, [Vasvari] also suspects "that subsequent to [Adrain]'s death, [Hartung] sold certain Equipment that was either wholly or partially owned by [Adrain]." (*Id.* ¶ 14.) Hartung has not provided Vasvari with the proceeds derived from the alleged sale of the Equipment. (*Id.*)

On October 4, 2016, Vasvari filed a Complaint against Hartung alleging two counts: replevin and conversion. (See ECF No. 1.) In lieu of filing an answer, Hartung filed a Motion to Dismiss for Lack of Jurisdiction arguing there was a lack of diversity jurisdiction. (ECF No. 4.) On June 16, 2017, the Court heard Oral Argument on the Motion and reserved its decision. (ECF No. 10.) At Oral Argument, Hartung, noted the valuation of the Equipment at issue in the Complaint was conducted in 2007, and questioned whether the current value of the Equipment

satisfied the court's jurisdictional monetary requirement. (*See* Oral Arg. Tr. June 16, 2017 ("The basis for the alleged amount in dispute, those numbers come off of a 2007 appraisal of the equipment, so it's almost a decade old. I actually question whether we meet that. To be honest with [] Your Honor at the same time I have no evidence to put before you here because we haven't had it appraised in terms of my client. But it's probably close. It may go either way.").) On June 22, 2017, the Court denied Hartung's Motion to Dismiss for Lack of Jurisdiction, finding the parties were of diverse citizenship, but ordered Vasvari to show cause within thirty days as to why the action should not be dismissed for lack of jurisdiction for failure to meet the monetary threshold. (ECF No. 11.)

Vasvari filed a Certification in response to the Order to Show Cause and provided a June 29, 2017 Appraisal Report demonstrating the value of the personal property at issue to be $154,275.00. (ECF No. 13.) Hartung argues the June 29, 2017 Appraisal Report was prepared for the Estate of Gary C. Hartung, and that she owns much of the equipment in his estate. (ECF No. 14 at 1.) She argues she has proof of ownership of $81,450 of the total value of the Equipment, which places the value of the remaining Equipment at issue in the Complaint below the $75,000 jurisdictional threshold. (*Id.* at 3.)

District courts are vested with original jurisdiction over civil actions "where the amount in controversy exceeds $75,000 and is between citizens of different states, between citizens of a state and citizens of a foreign state, or between a foreign state and citizens of a state." *Jackson v. Del. River & Bay Auth.*, 224 F. Supp. 2d 834, 841 (D.N.J. 2002) (citing 28 U.S.C. § 1332). Whether diversity jurisdiction exists is determined by examining "the facts as they exist when the complaint is filed." *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 830 (1989). A court must discern the amount in controversy by consulting the face of the complaint and accepting the plaintiff's

good faith allegations. *See Frederico v. Home Depot*, 507 F.3d 188, 194 (3d Cir. 2007). "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997) (citation omitted).

District courts should dismiss a case for failure to meet the amount in controversy requirement only if, from that face of the complaint, the court is legally certain the plaintiff cannot recover an amount exceeding $75,000, or if, from the proofs, it appears to a "legal certainty" the plaintiff is not entitled to an amount exceeding $75,000. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). In other words, "[i]t must appear to a legal certainty that the plaintiff's claim is really for less than the jurisdictional amount to justify a dismissal for lack of subject matter jurisdiction." 14AA Charles Alan Wright et al., Fed. Practice and Procedure § 3702 (4th ed. Supp. 2016). "[T]he question whether a plaintiff's claims pass the 'legal certainty' standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims." *Suber*, 104 F.3d at 583. "[D]ismissal is appropriate only if the federal court is certain that the jurisdictional amount cannot be met." *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995). The court should not consider in its jurisdictional inquiry "the legal sufficiency of [a plaintiff's] claims or whether the legal theory advanced by [a plaintiff] is probably unsound; rather, a court can dismiss the case only if there is a legal certainty that the plaintiff cannot recover more than $[75,000]." *Suber*, 104 F.3d at 583.

The Court is satisfied from Vasvari's Complaint, Certification, and Appraisal Report that the amount in controversy exceeds $75,000. Hartung's argument that she has proof of ownership of $81,450 of the total value of the Equipment, which places the value of the remaining Equipment at issue in the Complaint below the $75,000 jurisdictional threshold is inapposite. (ECF No. 14 at 3.) Hartung is asking the Court to consider the legal sufficiency of Vasvari's claims, which the

Court cannot do at this time. For the purpose of the Court's Order to Show Cause, Vasvari has satisfied the 28 U.S.C. § 1332 jurisdictional requirements.

Accordingly,

**IT IS** on this 15th day of December 2017,

**ORDERED** that the Court's Order to Show Cause (ECF No. 11) is **VACATED.**

*/s/Brian R. Martinotti*_____
**HON. BRIAN R. MARTINOTTI**
**UNITED STATE DISTRICT JUDGE**